UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DEANGELO SHAVERS,

    Petitioner,

                                 CASE NO. 2:06-CV-10434
v.                                HONORABLE PATRICK J. DUGGAN

JERI-ANN SHERRY,

    Respondent.
_____/

## OPINION AND ORDER DENYING HABEAS PETITION

At a session of said Court, held in the
U.S. District Courthouse, Eastern District
of Michigan on May 29, 2007.

PRESENT:   HONORABLE PATRICK J. DUGGAN
                 U.S. DISTRICT COURT JUDGE

Petitioner, a state prisoner currently confined at the Chippewa Correctional Facility in Kincheloe, Michigan, has filed a *pro se* petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254, alleging that he is incarcerated in violation of his constitutional rights. Petitioner challenges his June 2003 conviction, pursuant to a jury trial in the Wayne County Circuit Court, of five counts of criminal sexual conduct in the third degree. Respondent filed an answer to the petition on August 9, 2006. The following day, this Court referred the matter to Magistrate Judge Paul J. Komives for a report and recommendation and for the entry of any preliminary orders.

Magistrate Judge Komives issued his Report and Recommendation ("R&R") on March 26, 2007, in which he recommends that this Court deny Petitioner's application for a writ of habeas corpus. At the conclusion of his R&R, Magistrate Komives informs the parties that they must file any objections to the R&R within ten days. Petitioner filed objections on April 12, 2007, contending that the magistrate judge erred in evaluating all four of the claims raised in his petition.

The parts of the R&R to which objections are made will be reviewed by the Court *de novo*. *See* FED. R. CIV. P. 72(b); *Thomas v. Halter*, 131 F. Supp. 2d 942, 944 (E.D. Mich. 2001). The Court, however, "is not required to articulate all of the reasons it rejects a party's objections." *Halter*, 131 F. Supp. 2d at 944 (citations omitted). The Court finds no merit to any of Petitioner's objections and finds it necessary to address only Magistrate Judge Komives' decision with respect to the first claim Petitioner raises in his habeas petition. With respect to Petitioner's other claims, the Court agrees with Magistrate Judge Komives' analysis.

In his first claim, Petitioner challenges the admission of prior bad act evidence at his trial, specifically testimony that he was on parole at the time of the sexual conduct for which he was convicted. Magistrate Judge Komives concluded that Petitioner was not denied a fair trial as a result of the introduction of this testimony because the testimony "was relevant to rebut [P]etitioner's defense that the victim was a 'woman scorned' and had fabricated the rape charge to get back at him." (R&R at 10.) The Court does not concur with this finding, but agrees that this claim fails to state a basis for habeas relief.

It is well-established that "'federal habeas corpus review does not lie for errors of state law.'" *Estelle v. McGuire*, 502 U.S. 62, 67, 112 S. Ct. 475, 480 (1991)(quoting *Lewis v. Jeffers*, 497 U.S. 764, 780, 110 S. Ct. 3092, 3102 (1990)). "Errors by a state court in the admission of evidence are not cognizable in habeas corpus proceedings unless they so perniciously affect the prosecution of a criminal case as to deny the defendant the fundamental right to a fair trial." *Kelly v. Withrow*, 25 F.3d 363, 370 (6th Cir. 1994). "When an evidentiary ruling is so egregious that it results in a denial of fundamental fairness, it may violate due process and thus warrant habeas relief." *Bugh v. Mitchell*, 329 F.3d 496, 512 (6th Cir.)(citations omitted), *cert. denied*, 540 U.S. 930, 124 S. Ct. 345 (2003).

"Fundamental fairness does not require a perfect trial." *Clemmons v. Sowders*, 34 F.3d 352, 358 (6th Cir. 1994). Additionally, "courts have defined the category of infractions that violate 'fundamental fairness' very narrowly." *Bugh*, 329 F.3d at 512 (internal quotation marks omitted). As the *Bugh* court concluded, "[t]here is no clearly established Supreme Court precedent which holds that a state violates due process by permitting propensity evidence in the form of other bad acts evidence." *Id*.; *see also Dowling v. United States*, 493 U.S. 342, 352-53, 110 S. Ct. 668, 674-75 (1990). As a result, there is no Supreme Court precedent that the state court's decision in Petitioner's case could be deemed "contrary to" under 28 U.S.C. § 2254(d)(1). Petitioner's assertions of trial court error and ineffective assistance of counsel due to the introduction of evidence related to his parole status therefore have no merit.

3

Based on the foregoing, the Court concludes that Petitioner is not entitled to habeas relief. Accordingly,

**IT IS ORDERED**, that Petitioner's petition for a writ of habeas corpus is **DENIED**.

s/PATRICK J. DUGGAN
UNITED STATES DISTRICT JUDGE

Copies to:

Deangelo Shavers, #267938
Chippewa Correctional Facility
4269 West M-80
Kincheloe, MI 49784

William C. Campbell, Esq.