UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DEANGELO SHAVERS,

    Petitioner,                              Civil Case No. 06-10434
                                            HONORABLE PATRICK J. DUGGAN

v.

JERI-ANN SHERRY,

    Respondent,
    _____/

## **ORDER GRANTING CERTIFICATE OF APPEALABILITY**

Petitioner Deangelo Shavers ("Petitioner") filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, which this Court subsequently denied on May 29, 2007. Petitioner seeks to appeal the Court's decision with respect to the issues presented in his habeas petition. Before doing so, Petitioner must receive a certificate of appealability from this Court. 28 U.S.C. § 2253.

Section 2253 provides that a certificate of appealability may issue only if a petitioner makes a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). As the Supreme Court has stated:

> ". . . the petitioner need not show that he should prevail on the merits. He has already failed in that endeavor. Rather, he must demonstrate that the issues are debatable among jurists of reason; that a court *could* resolve the issues [in a different manner]; or that the questions are adequate to deserve encouragement to proceed further."

*Barefoot v. Estelle*, 463 U.S. 880, 893 n.4, 103 S. Ct. 3383, 3394 n.4 (1983) (quoting *Gordon v. Willis*, 516 F. Supp. 911, 913 (N.D. Ga. 1980))(emphasis added and internal

citation and quotation marks omitted). As the Supreme Court more recently stated, when a district court denies a habeas petition on the merits of the claims presented, a certificate may issue if the petitioner demonstrates that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong. *Slack v. McDaniel*, 529 U.S. 473, 484, 120 S. Ct. 1595, 1604 (2000).

This Court dismissed Petitioner's application for a writ of habeas corpus on its merits. Petitioner raised numerous claims in support of his petition, including a due process claim based on the admission of prior bad act evidence, an ineffective assistance of counsel claim based on his counsel's failure to object to the admission of the prior bad act evidence, a due process claim based on the trial court's refusal to re-read testimony to the jury upon the jury's request, and a sufficiency of the evidence claim. In his claim that prior bad act evidence was improperly introduced, Petitioner challenged the admission of testimony that he was on parole at the time of the sexual conduct for which he was convicted. This Court concluded that Petitioner was not entitled to habeas relief based on any of his claims.

While the Court continues to believe that Petitioner is not entitled a writ of habeas corpus for the reasons set forth in its Opinion and Order of May 29, 2007, the Court believes that Petitioner's claims relating to the introduction of prior bad act evidence may be "debatable among jurists of reason." For this reason, the Court does not believe that Petitioner should be denied the opportunity to seek appellate review of these issues. The Court does not find the remaining issues raised in the petition debatable among jurists of

reason.

Accordingly, the Court holds that Petitioner is entitled to a certificate of appealability with respect to the following issues, only:

> (1) Whether Petitioner's right to due process was violated as a result of the introduction of evidence regarding his parole status;
>
> (2) Whether Petitioner was denied effective assistance of counsel when his trial counsel failed to object to the admission of evidence regarding Petitioner's parole status.

**SO ORDERED.**

                                              s/PATRICK J. DUGGAN
                                              UNITED STATES DISTRICT JUDGE

Date: June 28, 2007
Copies to:
Deangelo Shavers, #267938
Chippewa Correctional Facility
4269 West M-80
Kincheloe, MI 49784

William C. Campbell, Assistant Attorney General